RAWLS, Chief Judge.
Appellant-defendant railroad challenges a jury verdict in the sum of $50,000.00 and ensuing judgment in favor of appellee- *724 plaintiff who was a passenger in an automobile that collided with appellant’s train.
The primary point on appeal is that the trial court erred in excluding testimony as to the blood alcohol content of the driver of the automobile involved in the accident.
At approximately 5:00 p. m. on August 4, 1970, appellee, then a 16-year-old teenager, was riding in the back seat of an automobile driven by her mother. Appel-lee’s brother-in-law, Ray Futch, was in the front seat and her sister in the back seat. The group was traveling in their automobile in an easterly direction destined for a fishing camp on the St. Johns River and the train was traveling in a northerly direction. The accident occurred at the intersection of State Road 214 and the railroad in Clay County, Florida.
Two State Highway Troopers testified a standard crossbuck warning was located on the southeasterly side of the railroad crossing, and some 700 feet westerly of the crossing, a standard railroad warning sign was installed. Also, a “no passing” line was painted on the highway in this area. The troopers further testified that a pine forest with trees approximately 30 feet tall together with underbrush existed in the southwest quadrant of the intersection. Skid marks originating some 130 feet west of the impact were evident. The automobile collided with the first railroad c^r attached behind the three locomotives pulling the 'train.
On cross-examination, passenger Ray Futch testified that as the foursome left Jacksonville, Florida, they stopped at a grocery store and picked up Cokes, cookies, potato chips and beer; that he and his mother-in-law, the driver of the automobile, were drinking their first beer when the accident occurred. He further said that he had been with the driver since 11:00 a. m. on that date, and that she had nothing intoxicating to drink from that time of day until they began drinking the aforementioned “first beer”. This witness further testified that a fifth of whiskey was in the car at the time of the accident but the seal had not been broken.
Pertinent to the primary issue being posed is the railroad’s proffered testimony relating to the blood alcohol analysis of decedent driver. State Highway Trooper Wehrli testified that a Trooper Price performed the accident investigation and he carried out the “travel-homicide” investigation. He further said that he directed the funeral director that had decedent’s body in charge to extract a blood sample, which was analyzed and revealed an ethyl alcohol content of .13 percent.
Appellant urged the trial judge to admit the blood alcohol analysis upon the following three theories: 1) testimony as to alcohol consumed by the driver should have been admitted for the purpose of determining proximate cause; 2) whether or not appellee-guest passenger was contributorily negligent by riding with a drinking driver; and 3) for purposes of the impeachment of witness Futch.
The trial judge rejected the proffer of the blood alcohol upon the ground that the evidence did not disclose such erratic driving behavior on the part of decedent driver that her actions constituted the sole proximate cause of the accident. Also, that evidence of negligent acts on the part of the railroad was presented by appellee. As to contributory negligence on the part of ap-pellee-guest passenger, the only evidence as to knowledge by her of decedent partaking of alcoholic beverages prior to the accident was the consumption of one-half can of beer. Finally, that such evidence was not admissible for the purpose of impeaching the witness Futch.
As we view the record, the trial judge based his ultimate decision in rejecting the blood alcohol test upon the exclusionary provision of Florida Statute 317.- *725 171, F.S.A., which reads in part: “No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident . ” Appellant reasons that the foregoing statute was enacted to protect the constitutional right against self-incrimination, and thus has no applicability to a decedent. The subject statute is extensively discussed by the Supreme ‘ Court in State v. Coffey.[1] There the Court noted that the officer who investigates the accident is required to forward a written report within 24 hours. The Court further noted that this Court in Cooper v. State[2] correctly held that the results of a blood alcohol test taken by an investigating officer for the purpose of completing his accident report are not admissible as evidence. In further detailing the factual distinction between Coffey and Cooper, the Supreme Court observed:
“There was no doubt that the respondent knew that the accident-report phase of the investigation had ended and that the blood test was being given to him in connection with the charge of manslaughter.”
In the case at bar, Trooper Wehrli insisted that he “ran the homicide investigation”. Decedent driver was hardly a subject for a subsequent charge of homicide in any form. The trial judge in denying the proffer of the blood alcohol test observed that the sample of blood was developed by a Florida State Highway Trooper, drawn at his direction, and became a part of the Florida State Highway report of this accident. The record supports the exclusion of the blood alcohol results by the trial judge as clearly proscribed by the aforesaid statute.
There is a more compelling reason for upholding the action of the trial judge. Appellant candidly admits in his brief:
“While no cases have been found in Florida which deal specifically with whether or not a jury should consider the alleged intoxication of a driver of a vehicle in a suit by a passenger against a third party, the Defendant [appellant] asserts that this is basic to the law of negligence since the determination of the legal cause of an injury is the heart of the jury function.”
No evidence was offered reflecting that this 16-year-old appellee knew that her mother had consumed more than one beer prior to the accident; no evidence was adduced reflecting such erratic driving prior to the accident that should have alerted a passenger to “speak out”. In short, the ample evidentiary predicate submitted to the jury upon good and sufficient instructions was whether or not negligence on the part of the railroad was a contributing cause of the accident. To have further injected the blood alcohol test results as to the driver could have had no effect other than to open the minds of the jurors to improper speculative excursions outside the issues developed by the pleadings.[3]
Appellant also insists that the trial court committed prejudicial error in denying the introduction of a photo of a bottle of whiskey found in the wrecked automobile shortly after the accident with the seal broken and a portion of the contents missing. Appellant contended that this photograph was admissible for the purpose of impeaching the testimony of the witness Futch. The trial judge correctly rejected the photograph upon the grounds that a proper predicate had not been laid.
*726 Appellant’s other two points are dependent upon a finding that failure to admit the results of the blood alcohol content constitutes reversible error and, therefore, will not be discussed. Appellee has cross-appealed on the grounds that the verdict is grossly inadequate and that a new trial should be granted as to damages. We have carefully reviewed this extensive record and conclude that the issues were fairly tried and the jury duly deliberated upon competent instructions by the trial judge in reaching its verdict.
The judgment appealed is affirmed; ap-pellee’s cross-appeal is without merit and thus is denied.
WIGGINTON and CARROLL, DONALD K., JJ., concur.

. State v. Coffey, 212 So.2d 632 (Fla.1968).

. Cooper v. State, 183 So.2d 269 (1 Fla.App.1966).

. Le Fevre v. Bear, 113 So.2d 390 (2 Fla.App.1959).