RAWLS, Chief Judge.
Once again we are confronted with the question of the admissibility of the blood alcohol content of a decedent driver in a civil suit.
Appellant’s husband met his death while driving a motor vehicle on State Road 267 in Gadsden County between 9:00 and 10:00 p. m. on March 7, 1970. At the time of the accident, a bridge had been washed out and appellee was in the process of repairing same. The decedent failed to negotiate the detour, and thereupon met his Maker. A Florida Highway Patrol trooper investigated the accident and filed an accident report which did not mention any finding as to the results of a blood alcohol analysis, Another trooper concurrently conducted a “homicide” investigation and procured a sample of decedent’s blood which upon analysis revealed an alcohol content of .11 percent. Over timely objection, the trial judge admitted the results of the blood alcohol analysis into evidence upon the ground that same was not a part of the accident report, but was procured from the independent “homicide” investigation.
In an analogous factual situation in Seaboard Coast Line R.R. v. Zufelt,[1] after discussing in depth the question here being considered, this Court stated:
“In the case at bar, Trooper Wehrli insisted that he ‘ran the homicide investigation’. Decedent driver was hardly a subject for a subsequent charge of homicide in any form. The trial judge in denying the proffer of the blood alcohol test observed that the sample of blood was developed by a Florida State Highway Trooper, drawn at his direction, and became a part of the Florida State Highway report of this accident. The record supports the exclusion of the blood alcohol results by the trial judge as clearly proscribed by the aforesaid statute.”
As was the case in Seaboard, this decedent driver was hardly a subject for a subsequent charge of homicide in any form. The investigation by the trooper in the instant case was clearly that of accumulating facts pertaining to the accident. The legislature of this State has proscribed the *645 use of such information in a civil suit.[2] The trial court erred in permitting the introduction into evidence of the results of the blood alcohol test.
Reversed and remanded for new trial.
SPECTOR and JOHNSON, JJ., concur.

. Seaboard Coast Line R. R. Co. v. Zufelt, 280 So.2d 723, Opinion filed July 12, 1973.

. F.S. § 317.171, F.S.A. — “Au such report shall be used as evidence in any trial, civil or criminal, arising out of an accident ...